IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:19-cr-128 |
| Plaintiff, | : | Judge Walter H. Rice |
| v. | : | |
| VINCENT MILLER, | : | |
| Defendant. | : | |

## **PRELIMINARY ORDER OF FORFEITURE**

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

On August 12, 2019, the United States charged Defendant Vincent Miller in a one-count Information with knowingly and intentionally distributing a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On September 9, 2019, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 1 of the Information and agreed to the immediate forfeiture of the following property (hereinafter the "subject property"), pursuant to 21 U.S.C. § 853(a), as property that facilitated the offense charged in Count 1 of the Information, and/or pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as firearms and ammunition involved in or used in such violation:

Items seized from Tanager Meadows, Trotwood, Ohio:

- AT&T (Pantech Model P2030) flip phone, SN: 131001667161;
- iPhone, Model A1586, IMEI 353028099100582 (with cracked screen);
- Kyocera, Model S2720 flip phone, IMEI 014864005962728;

- Kyocera, Model S2720 flip phone, IMEI 014864001170995;
- Kyocera, Model 2720 flip phone, IMEI 014864002274648;
- Apple iPhone, red in color, no visible markings;
- Three (3) magazines and gun accessories found in a gun box;
- Magazine containing approximately seven (7) rounds of .40 caliber ammunition and approximately one (1) loose round of 9mm ammunition;
- AR drum Magpul 0-60 containing approximately sixty (60) .223 rounds of ammunition, approximately three (3) loose rounds of .556 rounds of ammunition, and one empty AR magazine;
- Diamondback AR-15 style rifle, SN: DB1574453;
- PMAG 30 magazine with approximately twenty-eight (28) rounds of 5.56x45 ammunition;
- Glock magazine, .40 caliber, 22 round capacity and approximately twenty-one (21) rounds of .40 caliber ammunition;
- 9mm magazine, 31 round capacity and approximately thirty-two (32) rounds of 9mm ammunition;
- Glock 17 Gen4, 9mm handgun, SN: PPR423; and
- 9mm round removed from chamber of Glock and one PMAG 17 containing approximately sixteen (16) rounds of 9mm ammunition.

Items seized from Dennison Ave., Dayton, Ohio:

- Verizon, Kyocera, Model S2720, IMEI 014864005612224;
- Verizon, LG Model LG-VN170, SN: 609CQRN1916846;
- Verizon, LG Model LG-VN170, SN: 704CQFT2323347;
- Verizon, Casio CE0700, SN: 132901073135;
- Verizon, Casio CE0700, SN: 142501431069;
- Apple iPhone, black in color, no visible markings; and
- Apple iPhone, red in color, no visible markings.

The Defendant pled guilty to Count 1 of the Information on September 9, 2019.

The subject property is forfeitable, pursuant to 21 U.S.C. § 853(a), as property that facilitated the offense charged in Count1 of the Information, and/or pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as firearms and ammunition involved in or used in such offense, to which the Defendant has pled guilty. The Defendant had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(a) and/or 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property

must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreement, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

SO ORDERED:

Dated: 12-2-19

WALTER H. RICE
UNITED STATES DISTRICT JUDGE